## SUPREME COURT — SPECIAL TERM — KINGS COUNTY.

### January, 1919.

## THE PEOPLE v. JOSEPH BADAMO.

(105 Misc. 516.)

CERTIFICATE OF REASONABLE DOUBT—WHEN GRANTED—CRIMINAL LAW—JUDI-
CIAL NOTICE OF CITY ORDINANCES—GREATER NEW YORK CHARTER, § 1556,
AS AMENDED IN 1917.

A certificate of reasonable doubt may be granted upon a point not raised by the defendant.

The provision of section 1556 of the Greater New York Charter, as amended in 1917, that all courts in the city shall take judicial notice of city ordinances, does not apply to the Supreme Court.

The trial of defendant for manslaughter in the second degree for causing the death of a boy, while operating an automobile in the city of New York, proceeded solely upon the theory that defendant's negligence consisted in the violation of the provisions of the city ordinances regulating the speed and method of control of motor vehicles. The trial court read or stated the ordinance to the jury, and in answer to a question by the assistant district attorney, said it was unnecessary to introduce said ordinance in evidence. *Held,* that the denial of the defendant's motion to dismiss the indictment upon the ground that the prosecution had failed to prove by the evidence as it then stood that the defendant was guilty of culpable negligence was erroneous and sufficient to justify a reasonable doubt as to whether the defendant's conviction should stand, and his motion for a certificate of reasonable doubt will be granted.

MOTION for a certificate of reasonable doubt.

*Harry G. Anderson, Assistant District Attorney,* for people.

*I. V. Schavrien,* for defendant.

BENEDICT, J.:

This is a motion for a certificate of reasonable doubt in connection with the defendant's appeal from a conviction of the

crime of manslaughter in the second degree after a trial in the Supreme Court. I have read the record of the trial had in this case in connection with the assignment of errors, which are set forth in the defendant's notice of motion and his brief submitted on this motion. None of the alleged errors possesses, in my opinion, sufficient merit to justify the granting of the certificate asked for, nevertheless there was a point presently to be noticed which is not raised by the defendant nor discussed in his brief, but on account of which a certificate of reasonable doubt should issue.

The defendant was indicted for the crime of manslaughter in the second degree for having caused the death of a boy through the negligent use of an automobile. The trial was conducted throughout upon the theory that the defendant's negligence consisted in the violation of certain provisions of the ordinances of the city of New York regulating the speed and method of control of motor vehicles. When the People were about to rest their case, the assistant district attorney made this statement: " That is the People's case, your Honor. I take it that under the section of the city ordinances (Charter), which provides that the court shall take judicial notice of the ordinances of the city, it is not necessary to introduce these into evidence any more. The Court: Yes, that is correct."

The People having rested the defendant then moved to dismiss the indictment on the ground " That the People have failed to prove by the evidence as it stands now that the defendant was guilty of culpable negligence."

The motion was denied and the defendant excepted. Even a cursory reading of the charge of the learned trial court will, I think, convince anyone that the principal evidence upon which the charge of culpable negligence of the defendant rested was the alleged violation by the defendant of certain ordinances of the city of New York, which the court read or stated to the jury. Delete the portions of the charge referring to those

ordinances and not enough is left upon which the guilt of the defendant of the charge of culpable negligence can be predicated; without them I think it must be evident that no conviction would have been obtained. We are, therefore, confronted with the question whether the ordinances, which the learned trial court referred to in its charge, was properly before the court. The answer to this question, as it seems to me, hinges upon the force and effect to be given to the provision contained in chapter 382 of the Laws of 1917, amending section 1556 of the Greater New York Charter in relation to judicial notice of ordinances. Before the amendment, that section read as follows: " § 1556. A code or other volume containing either the ordinances or by-laws of the city published by authority of the board of aldermen shall be *prima facie* evidence in all the courts of justice of the authenticity of such ordinances or by-laws." The amendment in question added the following words: " All courts in the city shall take judicial notice of city ordinances." This amendment went into effect immediately upon the date of its passing, May 5, 1917. If it apply to the case at bar, it is conclusive upon the question under consideration. In my opinion, it does not so apply, nor do I think that the effect which the learned trial court gave to it was within the contemplation of the Legislature. In my opinion, the amendment was not intended to apply to the Supreme Court of the State of New York. It is, of course, true that the Supreme Court of this State, when holding sessions in the city of New York, comes within the verbal description of " all courts in the city," but yet it is not juridically speaking a court in the city. It is a court in the State of New York the subdivisions of which are several counties composing the several judicial districts and departments of the State. There are courts " in the city " of New York to which the statute might very well apply, as, for example, the Magistrates' Courts, the Municipal Courts, and the City Court of the city of New York. These courts perhaps have

more to do with the application or enforcement of municipal ordinances than any other branch of the judiciary.

If the strictly literal application were to be made, we would have the rather extraordinary and perplexing situation presented of having a different rule of evidence applicable to trials in the Supreme Court in two adjoining counties on Long Island in the second judicial district.

Suppose, for example, a civil action for negligence were to be brought in the Supreme Court upon a cause of action growing out of an accident similar to that involved in this case, and occurring within the city of New York.   The venue might be laid in Queens county, or in Nassau county, if the plaintiff or the defendant resided in either of these counties.   If the case were to be tried in Queens rounty, the statute, as amended, would require the court (if the construction contended for by the district attorney upon the trial be the true one) to take judicial notice of the city ordinances, and no evidence against their authenticity could be received; whereas if the trial were to be had in Nassau county, the plaintiff would be under the necessity of proving the existence and terms of the ordinances by the introduction of legal evidence thereof.   Or we may assume the case of two persons injured in the same accident, who sue separately, one in Queens county and the other in Nassau county, with the result that different rules of evidence in the respect under consideration would apply in the one county and in the other, although the trials would take place in the same court.

In the absence of the very clearest and plainest intent upon the part of the Legislature to reach so absurd a result I think that the statute as amended should be confined in its operation to such courts as are in their origin and jurisdiction embraced within the limits and confines of the city of New York and not extended so as to embrace the Supreme Court.

The time at my disposal has not permitted an exhaustive

search for cases bearing upon this particular statute, but I have found one decision of the Appellate Division in our own department, which touches the application of the statute in a trial in the Magistrate's Court. It is People v. Widder (181 App. Div. 885), where, in a memorandum decision rendered in November, 1917, six months after the amended statute went into effect, the court by a unanimous vote reversed a judgment of conviction of the Court of Special Sessions rendered on May 8, 1917, and granted a new trial, saying: " We cannot affirm the conviction because the Sanitary Code, of the provisions of which the court cannot take judicial notice, was not in evidence before the magistrate, and consequently is not before us. The record for that reason does not show that the defendant was guilty."

The Sanitary Code is, by section 1172 of the City Charter, a chapter of the code of ordinances of the city of New York. Upon reargument, however, the conviction was affirmed. (See 182 App. Div. 894.) This would seem to settle the law upon this point for Magistrates' Courts within the city, but it leaves the question still open as to the Supreme Court.

Entertaining, as has been indicated, a reasonable doubt as to whether the conviction of the defendant should stand, the court will grant him the certificate prayed for and admit him to bail in the sum of $5,000.

Motion granted.